STATE OF MAINE                          SUPERIOR COURT
CUMBERLAND, ss.                         CIVIL ACTION
                                        DOCKET NO; AP05-66
                                        RAC-CUM-12/~A POV-19

CHRISTOPHER BOUGOPOULOS

              Plaintiff
                                        **ORDER ON PLAINTIFF'S AND**
                                        **DEFENDANT'S MOTION TO**
                                        **DISMISS RULE 80C APPEAL**
      v.


STATE OF MAINE BOARD OF                 DONALD L. GARBRECHT
DENTAL EXAMINERS                        LAW LIBRARY

              Defendant                 JAN 1 9 2007


This case comes before the Court on Bougopoulos's Motion to Dismiss his

80C appeal without prejudice, and the Board's Motion to Dismiss the appeal

with prejudice and with an award of costs.

### BACKGROUND

Christopher Bougopoulos ("Bougopoulos"), a licensed dentist in Maine,

filed an 80C appeal in this Court in April 2006. Bougopoulos sought review of a

March 2006 decision of the State Board of Dental Examiners ("The Board"),

which suspended Bougopoulos's dentistry license for 15 days, imposed fines,

and instituted a five-year period of probation based on its findings that

Bougopoulos violated certain standards of practice.

In his appeal, Bougopoulos alleged that he did not receive due process in

the months leading up to his hearing in February 2006. The Board, however,

contends that Bougopoulos did receive due process and that its decision should

be affirmed. After correspondence between attorneys for the parties,

1

Bougopoulos offered to voluntarily dismiss the appeal in return for a meeting with the Board to discuss its hearing processes. The Board rejected this proposal and began preparing to fully and vigorously defend the appeal. Although neither party has submitted a brief[1] per Rule 80C, The Board, as required by the rule, did order hearing transcripts and other materials to be included in the record it intended to file with this Court. Bougopoulos later moved to dismiss his appeal without prejudice, citing financial concerns. The Board moved to dismiss the appeal with prejudice, also contending that Bougopoulos should reimburse the Board for the costs of preparing the record.[2]

## DISCUSSION

1.  Standard of Review for Voluntary Dismissal.

The primary issue in this case is whether Bougopoulos is entitled to a voluntary dismissal without prejudice. Voluntary dismissal of a civil action is governed by M.R. Civ. P. 41(a)(1). A plaintiff can dismiss his or her own action without approval of the court, provided that dismissal occurs before the filing of the answer or that the parties have stipulated to dismissal. Id. If those conditions have not been met, however, the court may order dismissal "upon such terms and conditions" as it sees fit; such dismissals are without prejudice, unless the court orders otherwise. M.R. Civ. P. 41(a)(2).

Here, Bougopoulos provided a stipulation of dismissal to the Board, which would not stipulate because the parties disagree about whether the dismissal should be with or without prejudice, and about who should pay the costs of compiling the record. This Court must therefore determine whether

---

[1] Bougopoulos's Motion to Enlarge the time for filing his brief was granted by this Court pending resolution of these motions.

[2] The Board indicates that the total cost of preparing the record was $4,246.00.

dismissal is warranted, and with what ramifications. This is a purely discretionary decision. *VAS, LLC v. Davric Me. Corp.*, PORSC-CV-2003-661 (Me. Super. Ct. Cum. Cty., Jul. 7, 2004) (Crowley, J.).

As indicated above, the Maine Rules of Civil Procedure presume that voluntary dismissals are without prejudice. In this instance, however, the Board prepared the appellate record and was ready to defend the appeal. Bougopoulos had an opportunity to file a brief and fully pursue his appeal, but elected not to do so. Given this, he will not be permitted to re-file this appeal, which is hereby dismissed with prejudice.

While the Court appreciates the Board's concern about having incurred the costs of preparing the record, such costs are typically borne by the agency. No costs for amassing the record will be awarded to the Board.

The entry is:

Plaintiff's motion to dismiss his 80C appeal without prejudice is DENIED. Defendant's motion to dismiss with prejudice is GRANTED, with no costs.

DATE: _____

Roland A. Cole
Justice, Superior Court

3

COURTS
ıd County
ıx 287
e 04112-0287

JENNIFER RIGGLE ESQ
93 EXCHANGE STREET
PORTLAND ME 04101

_P\

F COURTS
and County
3ox 287
ne 04112-0287

_DM

DENNIS SMITH AAG
6 STATE HOUSE STATION
AUGUSTA ME 04333